UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-22-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:23-CR-41 (KAD) (TOF) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| APOLINAR FRANCISCO PAREDES | : | 18 U.S.C. § 1594(b) |
| ESPINOZA, MARIA DEL CARMEN | : | (Conspiracy to Engage in Forced Labor) |
| SANCHEZ POTRERO, and PORFIRIA | : | |
| MARIBEL RAMOS SANCHEZ | : | 18 U.S.C. §§ 1589(a) and 1589(b) |
| | : | (Forced Labor) |
| | : | |
| | : | 8 U.S.C. § 1324(a)(1)(A)(v)(I) |
| | : | (Conspiracy to Bring In and Harbor Aliens) |
| | : | |
| | : | 8 U.S.C. § 1324(a)(1)(A)(iv) |
| | : | (Encouraging Illegal Entry and Residence) |
| | : | |
| | : | 8 U.S.C. § 1324(a)(1)(A)(iii) |
| | : | (Alien Harboring) |
| | : | |
| | : | 8 U.S.C. § 1326(a) |
| | : | (Reentry of a Removed Alien) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Engage in Forced Labor)

1.      From no later than 2001 and continuing to the present, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, together and with others known and unknown to the Grand Jury, did knowingly and intentionally combine, confederate, conspire, and agree with each other (1) to provide and obtain the labor and services of L.C., O.C., J.M., M.C., A.M., J.S., J.P., H.C., O.C.2, P.M., E.J., A.J., A.Z., A.Z.2, F.E., U.E., and others known and unknown to the Grand Jury, by means of (a) force and threats of force to

the victims and other persons; (b) serious harm and threats of serious harm to the victims and other persons; (c) the abuse and threatened abuse of law and legal process; and (d) a scheme, plan, and pattern intended to cause the victims to believe that, if they did not perform such labor or services, they and other persons would suffer serious harm; and (2) to knowingly benefit, financially and by receiving anything of value, from participation in the venture outlined above, knowing and in reckless disregard of the fact that the venture has engaged in the providing and obtaining of labor or services by the above means, in violation of Title 18, United States Code, Sections 1589(a) and 1589(b).

## OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy to obtain unpaid labor from the victims and to provide the labor of the victims to third parties for the defendants' own financial benefit.

## MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that, starting no later than 2001, the defendants, and others known and unknown to the Grand Jury, offered to facilitate the victims, all Mexican nationals then living in Mexico, to enter the United States illegally.

4. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, told the victims that they would owe a set fee payable after they obtained work in the United States in exchange for illegally smuggling them into the United States.

5. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, required the victims to provide the deed of a property belonging to a friend or family member, as collateral for the debt they owed in exchange for being illegally smuggled into the United States.

6. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, would arrange for the victims to be illegally smuggled from Mexico into the United States.

7. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, would arrange for the transport of the victims to Connecticut, where the victims often lived in a residence with the defendants.

8. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, told the victims, after they arrived in the United States, that the debt they owed was significantly more than had been agreed upon when the victims were still in Mexico. The defendants also told the victims that they would need to pay other fees, including but not limited to interest on their debt and rent.

9. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, assisted the victims in obtaining employment illegally, including by providing false and fraudulent identification documents to the victims that misrepresented their legal authority to work in the United States.

10. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, required the victims to pay them from their wages, and despite the victims doing so, the defendants continued to demand money without substantially reducing the victims' alleged debt in accordance with the payments.

11. It was further part of the conspiracy that when the victims failed to pay the defendants, or paid less than the required monthly amounts, the defendants, and others known and unknown to the Grand Jury, encouraged the victims to work more and threatened serious harm to the victims and other persons, including by threatening to obtain the property that the victims were forced to offer as collateral.

12. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, forced the victims to provide uncompensated labor for the defendants, including by doing unpaid household work at certain of the defendants' residences and by accompanying the defendants to the defendants' own assigned job sites in order to perform unpaid labor for the defendants' financial benefit.

All in violation of Title 18, United States Code, Section 1594(b).

## COUNT TWO
(Forced Labor)

13. From in or about September 2020 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA and MARIA DEL CARMEN SANCHEZ POTRERO, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly provide and obtain the labor and services of L.C., and knowingly benefitted, financially and by receiving anything of value, from participation in a venture which provided and obtained the labor and services of L.C., knowing and in reckless disregard of the fact that such labor and services were obtained by means of force and threats of force to L.C. and other persons; by means of serious harm and threats of serious harm to L.C. and other persons; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause L.C. to believe that, if L.C. did not perform such labor or services, L.C. and other persons would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1589(b), and 2.

## COUNT THREE
(Forced Labor)

14. From in or about September 2020 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES

ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly provide and obtain the labor and services of O.C., and knowingly benefitted, financially and by receiving anything of value, from participation in a venture which provided and obtained the labor and services of O.C., knowing and in reckless disregard of the fact that such labor and services were obtained by means of force and threats of force to O.C. and other persons; by means of serious harm and threats of serious harm to O.C. and other persons; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause O.C. to believe that, if O.C. did not perform such labor or services, O.C. and other persons would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1589(b), and 2.

## COUNT FOUR
(Forced Labor)

15. From in or about October 2021 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA and MARIA DEL CARMEN SANCHEZ POTRERO, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly provide and obtain the labor and services of J.M., and knowingly benefitted, financially and by receiving anything of value, from participation in a venture which provided and obtained the labor and services of J.M., knowing and in reckless disregard of the fact that such labor and services were obtained by means of force and threats of force to J.M. and other persons; by means of serious harm and threats of serious harm to J.M. and other persons; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause J.M. to believe that, if J.M. did not perform such labor or services, J.M. and other persons would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1589(b), and 2.

## COUNT FIVE
(Forced Labor)

16. From in or about March 2022 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA and MARIA DEL CARMEN SANCHEZ POTRERO, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly provide and obtain the labor and services of M.C., and knowingly benefitted, financially and by receiving anything of value, from participation in a venture which provided and obtained the labor and services of M.C., knowing and in reckless disregard of the fact that such labor and services were obtained by means of force and threats of force to M.C. and other persons; by means of serious harm and threats of serious harm to M.C. and other persons; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause M.C. to believe that, if M.C. did not perform such labor or services, M.C and other persons would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1589(b), and 2.

## COUNT SIX
(Conspiracy to Bring In and Harbor Aliens)

17. From no later than 2001 and continuing until the present, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, together and with others known and unknown to the Grand Jury, did knowingly and intentionally combine, confederate, conspire, and agree with each other (1) to encourage and induce an alien, including but not limited to L.C., O.C., J.M., M.C., A.M., J.S., J.C., J.P., H.C.,

O.C.2, P.M., R.C., E.J., A.J., A.Z., A.Z.2, F.E., U.E., and others known and unknown to the Grand Jury, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (2) to knowingly bring to the United States an alien, including but not limited to the aliens identified in this paragraph, knowing that the person was an alien, at a place other than a designated port of entry or a place other than as designated by the Secretary of Homeland Security, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i); (3) to transport and move an alien, including but not limited to the aliens identified in this paragraph, within the United States by means of transportation or otherwise, knowing and in reckless disregard of the fact that the alien had come to, entered, and remained in the United States in violation of law, in furtherance of such violation of law and for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (4) to conceal, harbor, and shield from detection an alien, including but not limited to the aliens identified in this paragraph, in any place, including any building and any means of transportation, knowing and in reckless disregard of the fact that the alien had come to, entered, and remained in the United States in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

OBJECT OF THE CONSPIRACY

18.     It was the object of the conspiracy to obtain financial gain through (1) collecting smuggling fees and other fees paid by the aliens and others to the defendants and their co-

conspirators, and (2) obtaining labor performed by the aliens for the benefit of the defendants and their co-conspirators.

MANNER AND MEANS OF THE CONSPIRACY

19. The allegations set forth in paragraphs 3 through 12 are re-alleged and incorporated by reference in this count, as though fully stated within.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

COUNT SEVEN
(Encouraging Illegal Entry and Residence)

20. In or around late 2021, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA and MARIA DEL CARMEN SANCHEZ POTRERO, aiding and abetting each other and others known and unknown to the Grand Jury, encouraged and induced an alien, namely J.M., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

COUNT EIGHT
(Encouraging Illegal Entry and Residence)

21. In or around early 2022, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, aiding and abetting

each other and others known and unknown to the Grand Jury, encouraged and induced an alien, namely M.C., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT NINE
(Alien Harboring)

22.  From in or about September 2020 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, aiding and abetting each other and others known and unknown to the Grand Jury, knowingly and in reckless disregard of the fact that an alien, namely L.C., had come to, entered, and remained in the United States in violation of law, did knowingly conceal, harbor, and shield from detection L.C., and attempt to conceal, harbor, and shield from detection L.C., in any place, including any building and any means of transportation, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT TEN
(Alien Harboring)

23.     From in or about September 2020 and continuing until in or about March 2023, in the District of Connecticut and elsewhere, the defendants, APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ, aiding and abetting each other and others known and unknown to the Grand Jury, knowingly and in reckless disregard of the fact that an alien, namely O.C., had come to, entered, and remained in the United States in violation of law, did knowingly conceal, harbor, and shield from detection O.C., and attempt to conceal, harbor, and shield from detection O.C., in any place, including any building and any means of transportation, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT ELEVEN
(Reentry of a Removed Alien)

24.     On or about March 1, 2023, in the District of Connecticut, the defendant, APOLINAR FRANCISCO PAREDES ESPINOZA, being an alien who previously had been deported and removed from the United States to Mexico on or about November 18, 2014 and again on or about February 5, 2019, was found in the United States, that is, in Hartford, Connecticut, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States.

In violation of Title 8, United States Code, Section 1326(a).

## FORFEITURE ALLEGATIONS

25. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Superseding Indictment, the defendants APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1594(d), all right, title, and interest in any and all property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations, and any and all property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses, and any property traceable to such property.

26. Upon conviction of one or more of the offenses alleged in Counts Six through Ten of this Superseding Indictment, the defendants APOLINAR FRANCISCO PAREDES ESPINOZA, MARIA DEL CARMEN SANCHEZ POTRERO, and PORFIRIA MARIBEL RAMOS SANCHEZ shall forfeit to the United States of America, pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 981(d), all right, title, and interest in any and all conveyances, including any vessel, vehicle, or aircraft, that was used to commit or to facilitate the commission of such violations; any and all gross proceeds of such violations; and any property traceable to such conveyances and proceeds.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 8, United States Code, Section 1324(b); Title 18, United States Code, Sections 981(d) and 1594(d); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

ANGEL M. KRULL
ASSISTANT UNITED STATES ATTORNEY

SHAN PATEL
ASSISTANT UNITED STATES ATTORNEY